OPINION OF THE COURT
Dennis Bender, J.
The petitioner currently is subject to an indeterminate sentence of 3 to 6 years upon his conviction of a second nonviolent felony offense. He was paroled and then revoked and restored to parole supervision, conditioned upon his entrance *773 into and completion of the Willard Drug Treatment Program. To that end, the petitioner was delivered to Willard on June 14, 2005, only to be medically disqualified the following day. On June 20, 2005, staff at Willard requested the April 18, 2005 Parole Board decision be modified, and on June 22, 2005, the petitioner was transferred to Five Points Correctional Facility, where he remains to this date.
Predicated upon the petitioner’s petition, a writ of habeas corpus was signed by the court on August 5, 2005. Apparently motivated by the issuance of the writ, an amended Parole Board decision was signed three days after the writ’s execution which directs the petitioner’s release to parole supervision in the community on condition he complete the Albany Treatment Alternative to Street Crime Program. Actual release is scheduled to occur two days from now.
None of the foregoing facts are in dispute.
In the first instance, the court notes that the petitioner wrongly concludes that he was automatically entitled to release 90 days from the initial decision because the Willard Program is facially for a 90-day period. This court has previously ruled that the State is entitled to a reasonable time in which to transfer a defendant to the program. Further, upon the determination of the petitioner’s ineligibility for participation because of his medical condition, a reasonable period of time was needed to render an amended decision. As stated by this court before in the Ayala v Williams judgment (7 Misc 3d 1025[A], 2005 NY Slip Op 50733[U] [2005]), as well as in other cases, the issue is whether the length of time the petitioner has been held is reasonable under the facts of the case. An unreasonable length quite simply invokes due process concerns.
Notwithstanding, the respondent in this matter offers absolutely no explanation why it took nearly two months to transfer the petitioner to Willard. It further does not deny the petitioner’s assertion that, after he was determined to be medically ineligible for Willard, he was told he would be held at Five Points for only about three weeks. It is now one day shy of seven weeks and all his correspondence regarding his continued detention was ignored. In total, the court notes the petitioner has now been held for over 16 weeks since the original determination to revoke and restore him to parole.
It is further observed that the conclusory statement in the respondent’s return to the effect that the delay resulted from both the timing of the retirement of the presiding administra *774 tive judge who revoked and restored the petitioner, and the subsequent appointment of that judge’s replacement, begs the question. Nothing is offered to suggest that the retirement and replacement were surprise events. Nothing is offered to suggest that delays, if in fact caused by those events, were anything other than avoidable with a minimum of reasonable planning.
Finally, the court also notes that the respondent does not deny that the placement stated to be arranged for the petitioner is none other than that which he had previously pursued for himself.
In conclusion, this court finds the petitioner’s due process rights have been violated and, accordingly, the writ of habeas corpus is sustained to the extent that the petitioner is entitled to judgment directing his release from the custody of the Department of Correctional Services to the supervision of the New York State Division of Parole. Upon his consent, release shall occur no later than August 12, 2005, the date belatedly scheduled and for which transportation and treatment arrangements have apparently been made.